UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

YVONNE WRIGHT,

                Plaintiff,                                    24-cv-2356 (PKC)

    -against-                                         **ORDER**

TD BANK, N.A.
                     Defendant.

-----------------------------------------------------------x
CASTEL, District Judge:

        Plaintiff Yvonne Wright ("Wright") brings this action invoking subject matter jurisdiction by reason of diversity of citizenship, 28 U.S.C. § 1332. Wright is a citizen of New York. (Compl. ¶ 5.) Defendant TD Bank, N.A. ("TD Bank") is a national bank, chartered and regulated by the Comptroller of the Currency, with its principal place of business in New Jersey. (Id. ¶ 6.)

        Federal courts are courts of limited jurisdiction. Gunn v. Minton, 568 U.S. 251, 256 (2013). Jurisdiction "is not waivable and may be raised at any time by a party or by the court sua sponte." Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 193 (2d Cir. 2003). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000). "If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000).

        The diversity statute confers original jurisdiction on federal courts for "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

1

interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). A plaintiff that invokes federal jurisdiction "must demonstrate a 'reasonable probability' that the amount in controversy requirement is satisfied." Pyskaty v. Wide World of Cars, LLC, 856 F.3d 216, 223 (2d Cir. 2017). At the pleading stage, a rebuttable presumption exists that the face of the complaint is a good faith representation of the actual amount in controversy if it alleges facts that plausibly suggest claims aggregating over the minimum. Schwartz v. Hitrons Solutions, Inc., 397 F. Supp. 3d 357, 364-65 (S.D.N.Y. 2019) (VM). But conclusory allegations or boilerplate pleadings that the amount in controversy requirement is satisfied are insufficient. Id. at 365.

The Complaint alleges that "the amount in controversy exceeds $75,000 exclusive of interest and costs." (Compl. ¶ 2.) Wright paid an annual $90 "rental fee" from 2021 to 2023 for use of a safe deposit box in possession of TD Bank. (Id. ¶¶ 9, 13.) From February 2021 to October 2023, Wright alleges that she placed money into the box. (Id. ¶ 19.[1]) In December of 2023, Wright found that a "significant" amount of money was missing from the box. (Id. ¶ 20.) No allegation is made as to the amount of money that was placed in the box or the amount of money allegedly missing. Allegations that there was a "significant" amount of money missing and payments totaling $270 in rental fees do not demonstrate a "reasonable probability" that the amount in controversy requirement is satisfied.

---

[1] The Complaint's paragraph numbering is out of order following paragraph 18. What should be paragraph 19 is labeled as paragraph "8" and continues numbering from "8." For citations to the Complaint from "18" onwards, what should be the correct paragraph number is cited.

3

Within 14 days of this Order, plaintiff shall file an affidavit setting forth the amount of her loss attributable to defendant's actions alleged in the Complaint or the action will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:      New York, New York
            December 3, 2024